# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

James T. McLaughlin, Jr.
To Call Writer Directly:
(312) 469-7043
jmclaughlin@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200

February 26, 2009

**VIA CM/ECF**

The Honorable Susan Richard Nelson
United States Magistrate Judge
United States District Court
U.S. Courthouse, 9E
300 South Fourth Street
Minneapolis, MN 55415

Re: *Schleicher et al. v. Wendt et al.*, Misc. Case No. 08-55 RHK/SRN

Dear Magistrate Judge Nelson:

I am writing on behalf of Plaintiffs, Defendants, Green Tree Servicing LLC ("GTS"), and Conseco, Inc. ("Conseco") in the above captioned matter. As you know, Plaintiffs and Defendants filed briefs on February 2, 2009 related to privilege and cost issues. (*See* Doc. Nos. 30, 31.) After discussing the issues addressed in those briefs, I am pleased to report that the parties have reached an agreement that eliminates the need for Court intervention at this time.

Specifically, GTS has agreed to produce documents to Plaintiffs and Defendants under a clawback agreement without first conducting a privilege review (unless otherwise noted below). Plaintiffs and Defendants agree to treat GTS' documents as Confidential under the Protective Order. If, for example, a GTS document is used at deposition, that deposition transcript will be designated Confidential. After Plaintiffs and Defendants have identified their trial exhibits, GTS and/or Conseco will review those GTS documents that were marked as trial exhibits and GTS and/or Conseco can assert their clawback rights then. (This procedure shall be referred to as the "Clawback Procedure.")

Unless otherwise noted below, this procedure applies to the following categories of GTS documents:

**Paper Documents** -- The Clawback Procedure shall apply to documents selected by Plaintiffs and Defendants for copying from GTS' offices and Iron Mountain storage facilities (including those in Minnesota and Arizona).

**Electronic Data** -- Plaintiffs and Defendants plan to only restore back-up tapes from 2001 and 2002. At the time the tapes are restored, the vendor shall segregate electronic

<div style="text-align: center;">**KIRKLAND & ELLIS LLP**</div>

February 26, 2009
Page 2

>   data obtained from a custodian in or drive from the Legal Department. GTS and/or Conseco shall provide a list of attorneys' names so that the vendor knows which data needs to be segregated. GTS and/or Conseco will review the Legal Department's electronic data for relevancy and privilege at GTS' expense. All other electronic data will be produced to Plaintiffs and Defendants pursuant to the Clawback Procedure.
>
>   **HR and Legal Files** -- GTS and/or Conseco will review for relevance and privilege any HR or Legal documents that the Court orders for potential production after conducting an *in camera* inspection of GTS' indices. (*See* 2/19/09 Order [Doc. No. 37].) GTS will bear the expenses associated with its review of the HR and Legal files.
>
>   **Privilege Log** -- On or before March 4, 2009, GTS shall serve a privilege log with any documents that it withheld from GTS' production to date.

The parties are currently discussing whether it is necessary to revise the Protective Order to reflect this agreement. To the extent the parties decide that it is necessary, they shall promptly file a new proposed Protective Order for the Court to consider entering.

Having reached this agreement, the parties respectfully request that the Court (1) cancel the March 6th hearing, and (2) conduct an *in camera* review of the indices of the Legal Department boxes to determine what, if anything, GTS needs to review for potential production.

If the Court has any questions or concerns about these issues, the parties are available to have a telephone conference at the Court's convenience.

<div style="margin-left: 50%;">
Respectfully Submitted,

*/s/ James T. McLaughlin*

James T. McLaughlin, Jr.
</div>

JTM/rl
cc:   All Counsel of Record (via CM/ECF)